IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CARL C. FOSTER,

        Plaintiff,

v.                                  CIVIL ACTION NO. 2:17-cv-02840

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

## ORDER

This action was referred to the Honorable Omar J. Aboulhosn for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. On October 10, 2017, Judge Aboulhosn submitted his Proposed Findings & Recommendation [ECF No. 20] (PF&R) recommending that the court **DENY** the plaintiff's request for reversal [ECF No. 14]; **GRANT** the defendant's request to affirm the decision below [ECF No. 17]; **AFFIRM** the final decision of the Commissioner; and **DISMISS** the matter from the court's docket. The plaintiff filed a Request for Hearing [ECF No. 21] to which the defendant filed a Response [ECF No. 22]. The court will treat the Request for Hearing as a general objection to Judge Aboulhosn's PF&R. No other objections were filed by the parties.

A district court "shall make a de novo determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1)(C) (emphasis added); *see* Fed. R. Civ. P. 72(b)(3). Failure to file *specific* objections pursuant to 28 U.S.C. § 636(b)(1)(C) . . . may be construed by any reviewing court as a waiver of such objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008); *see United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). General objections do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of de novo review. *See Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D. N.C. 1997).

The PF&R submitted by Judge Aboulhosn gave notice to the parties that they had a total of seventeen days from the filing of the PF&R "within which to file with the Clerk of this Court, specific written objections, identifying the portions of the [PF&R] to which objection is made, and the basis of such objection." PF&R 15. Despite this guidance, the plaintiff's Request for Hearing fails to make specific objections or identify any alleged errors. Therefore, the court **FINDS** that a de novo review of the PF&R is not required. The court accepts and incorporates herein the PF&R and orders judgment consistent therewith. The court **DENIES** the plaintiff's request for reversal [ECF No. 14]; **GRANTS** the defendant's request to affirm the decision below [ECF No. 17]; **AFFIRMS** the final decision of the Commissioner; and **DISMISSES** the case, and directs that this action be removed from the docket.

Furthermore, to the extent that the plaintiff's Request for Hearing [ECF No. 21] was intended as a motion, that motion is **DENIED.** A hearing at this stage of the proceedings is neither required nor appropriate.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 30, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE